IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CARRIE FRICKER, | ) |
|           Plaintiff, | ) |
| v. | ) Case No.: CJ-2016-5066 |
| THE STANDARD FIRE INSURANCE COMPANY, | ) |
|           Defendant. | ) |

## PETITION

COMES NOW the Plaintiff Carrie Fricker and for her cause of action against the Defendant The Standard Fire Insurance Company, hereinafter known as "Travelers", alleges and states:

1. Plaintiff is a resident of Oklahoma County, Oklahoma.

2. Travelers does insurance business in Oklahoma County.

3. Plaintiff sustained damages in Oklahoma County; therefore, venue is proper in Oklahoma County.

4. Plaintiff was insured under a policy of insurance, Policy Number 994652117 203 1 (hereinafter "Policy") issued by Travelers. Said Policy provided for Medical Payments coverage in the sum of $5,000.

## FACTUAL BACKGROUND

5. Plaintiff was involved in a motor vehicle accident with, an underinsured motorist, on October 28, 2015, in Oklahoma, County.

6. Marlan Hardie's negligence was the direct and proximate cause of the collision.

7. The collision was the direct and proximate cause of the injuries Plaintiff suffered.

8. Plaintiff purchased said Policy with Medical Payments benefits of $5,000.00.

9. Plaintiff timely filed a claim with Travelers for the medical Payments coverage under the Policy.

## FIRST CAUSE OF ACTION
### Breach of Contract by Travelers

10. Plaintiff restates and re-alleges Paragraphs 1 through 9 of this Petition and in addition, states as follows:

11. By the terms of the Policy, Travelers agreed to compensate Plaintiff pursuant to the medical payments portion of the Policy.

12. Plaintiff has complied with all terms and conditions of the Policy with Travelers.

13. Travelers failed to pay Plaintiff's claims knowing Plaintiff was entitled to the medical payments benefits.

14. Travelers' failure to pay the medical payments benefits constitutes a breach of contract.

15. As a result of Travelers' breach of contract described above, Plaintiff has suffered injuries and damages, including incidental and consequential damages.

## SECOND CAUSE OF ACTION
### Bad Faith by Travelers

16. Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 15, as if fully set forth herein.

17. Travelers violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to evaluate and pay Plaintiff the proper amount for a valid claim under the Policy.

18. Travelers violated its duty of good faith and fair dealing by unreasonably and in bad faith failing to perform a proper investigation and by failing to evaluate the results of its investigation properly.

19. Travelers violated its duty of good faith and fair dealing when it had no reasonable basis to delay payment of the claim.

20. Travelers violated its duty of good faith and fair dealing by negligently supervising this loss.

21. Pursuant to the aforementioned facts, Plaintiff alleges that Travelers' corporate goal is to increase their profits by unlawfully reducing payments of valid claims made pursuant to policy provisions.

22. That as a result of Travelers' breach of its duty of good faith and fair dealing, Plaintiff suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish and financial distress.

23. The bad faith conduct of Travelers is reckless, intentional and/or malicious and was perpetrated to deprive the Plaintiff of payment of reasonable, valid benefits for which she were legally and contractually entitled to and for which Travelers was liable to pay. Travelers' conduct reflects both a reckless and callous disregard for the health and welfare of the Plaintiff and thus warrants the imposition of punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Travelers as follows:

    (A) For medical bills;
    (B) For compensatory damages;
    (C) For punitive damages;
    (D) For pre judgment and post judgment interest;
    (E) For reasonable attorney fees;

(F) Costs of suit;
(G) Pain and suffering;
(H) For such other relief as this Court may deem just and proper;
(I) Other damages to be set forth after discovery; all of which in amount more then than the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

RESPECTFULLY SUBMITTED,
WEST ♦ YLLA ♦ GOSNEY

Andrew D. Schwartz, OBA #17338
8 S.W. 89th Street, Suite 200
Oklahoma City, OK  73139
(405) 378-8132 Phone
(405) 378-0711 Fax
dschwartz@wyglawfirm.com

Attorney's Lien Claimed