#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARRIE FRICKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. CIV-16-1350-HE |
| ) | |
| THE STANDARD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Plaintiff Carrie Fricker filed this action in state court against The Standard Fire Insurance Company, asserting breach of contract and bad faith claims. Plaintiff alleges she purchased an insurance policy from defendant with medical payments benefits of $5,000 which defendants failed to pay after she was involved in an accident.[1] Defendant removed the action based on diversity of citizenship, relying on plaintiff's allegation in the petition that she seeks damages in an amount in excess of that "required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." Doc. #1-2.

Subject matter jurisdiction under 28 U.S.C. §1332(a) requires, in addition to diversity of citizenship, an appropriate showing that the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." The Supreme Court held in <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547(2014) that, to allege the amount in controversy, the removing party simply must make a plausible allegation that the amount at

---

[1] *The Joint Status Report [Doc. #9] indicates defendant paid $4079.70 out of the available $5000 in coverage, so the amount of the dispute as to any contract claim is approximately $900.*

stake "exceeds the jurisdictional threshold." *Id.* at 554. The defendant has not met its minimal burden here.

Accordingly, for the reasons stated here and at the status conference held this date, the court *sua sponte* remands this case to the District Court of Oklahoma County.

**IT IS SO ORDERED**.

Dated this 5th day of January, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE